**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **VS** | : | **3:CR-02-280** |
| | : | **3:CV-05-2052** |
| **NOE PEREZ-DIAZ** | : | **(CHIEF JUDGE VANASKIE)** |

### MEMORANDUM

Defendant Noe Perez-Diaz has moved to correct his sentence pursuant to 28 U.S.C. § 2255. Defendant raises three main arguments: (1) his sentence was imposed in violation of the Sixth Amendment rights recognized in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000); (2) he was denied effective assistance of counsel during his sentencing; and (3) his counsel ignored his directive to file a notice of appeal. Defendant's <u>Apprendi</u> challenge is meritless as Defendant admitted all facts on which his guideline range was based and he was sentenced well within the maximum term of imprisonment and below an otherwise applicable mandatory minimum prison term. His claim of ineffective assistance of counsel during sentencing is without merit because his counsel's performance was neither deficient nor prejudicial to Defendant's interests. His failure to appeal claim, however, cannot be summarily resolved, and the government will be required to respond to it.

### I.    BACKGROUND

On February 27, 2003, Defendant pled guilty pursuant to a written plea agreement to conspiracy to distribute and possess with intent to distribute in excess of 500 grams of cocaine.

(Presentence Investigation Report, at ¶¶ 1,3.)  Congress has specified a mandatory minimum sentence of 5 years and a possible maximum of 40 years imprisonment for this offense.  See 21 U.S.C. § 846.  The Presentence Investigation Report calculated Defendant's total offense level at 27.  This was determined using a base offense level of 28 for his drug conspiracy plea;[1] plus a 2 level increase because a firearm was possessed in connection with the drug conspiracy;[2] minus a 3 level reduction for acceptance of responsibility and timely notification of his intention to plead.[3]

The firearm enhancement was based on a shooting incident that happened amid a territorial struggle between Defendant's group and a competing drug trafficking network. (Presentence Investigation Report, at ¶ 9.)  Hector Roldan-Luna, a member of Defendant's conspiracy, shot two people in the rival group, killing one individual and seriously wounding the other.  (Id.)  In the course of the investigation, agents identified Defendant as the individual who had provided the handgun which allegedly was used in the shooting incident.

Significantly, Defendant admitted to having provided a handgun to Roldan-Luna. Indeed, Defendant stipulated to all the facts used to calculate his total offense level in his plea

---

[1] The sentencing guidelines for the offense of conspiracy to unlawfully traffic in drugs are found under U.S.S.G. § 2D1.1(a)(3).

[2] Possession of a firearm is a specific offense characteristic of a narcotics trafficking offense.  U.S.S.G. § 2D1.1(b)(1).

[3] See U.S.S.G. § 3E1.1.

agreement. (Presentence Investigation Report, ¶¶ 1,3.) Furthermore, Defendant did not object to the Presentence Investigation Report. Based on a total offense level of 27 and a criminal history category of IV, his guideline imprisonment range was 100 to 125 months.[4]

The Government, pursuant to 18 U.S.C. 3553(e) and U.S.S.G. 5K1.1, indicated that defendant had provided "substantial assistance" and requested a downward departure. The Government recommended a prison term in the range of 63 to 78 months. On February 18, 2004, this Court, finding that Defendant's assistance warranted a greater downward departure, sentenced Defendant to a prison term of 51 months, to be served consecutive to the eight year sentence he had received in the New York state court for attempted murder. (Dkt. Entry 24.) Defendant, although having moved pro se for reconsideration of his sentence, did not appeal his sentence.[5] On January 20, 2005, Defendant moved pursuant to 28 U.S.C. § 2255 to challenge his sentence. (Dkt. Entry 27.)[6]

---

[4] The original Presentence Investigation Report determined that Defendant fell within criminal history category III, with a guideline range of 87 to 108 months of imprisonment. It was later determined that after pleading guilty in this matter Defendant was sentenced in New York state court for attempted murder, thereby placing him in criminal history category IV. (Third Addendum to the Presentence Report.) In this regard, any sentence imposed prior to sentencing on the offense of conviction is to be included in the determination of the defendant's criminal history category. U.S.S.G. § 4A1.2, Application Note 1.

[5] The motion for reconsideration was denied on February 26, 2004.

[6] The § 2255 motion bears a signature date of January 20, 2005. It is unclear when it was mailed to this Court. It was not docketed until September 30, 2005. For purposes of this decision only, it will be presumed that Defendant mailed the § 2255 motion on or about January 20, 2005. It should be noted that, other than submitting the § 2255 motion, Defendant has not

## II. DISCUSSION

Defendant presents three arguments in support of the § 2255 motion: (1) his sentence was imposed in violation of the Sixth Amendment rights recognized in Apprendi; (2) he was denied effective assistance of counsel during sentencing; and (3) he was denied the right to appeal by his lawyer's failure to abide by his directive to file a notice of appeal. The issue before the Court at this stage of the proceedings is whether "the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255, unnumbered ¶ 2, thereby obviating a response from the government. See Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion. . . .").

### A. The Apprendi Claim

Defendant argues that his sentence was imposed improperly under Apprendi. This is not a retroactive collateral attack on his sentence because Apprendi was decided before his sentencing.[7]

---

communicated with the Court, suggesting that he may no longer have any interest in pursuing this matter.

[7] Defendant was sentenced in 2004, while the Supreme Court decided Apprendi in 2000. The Supreme Court had not decided Blakely v. Washington, 542 U.S. 296 (2004), nor United States v. Booker, 125 S. Ct. 738 (2005), at the time of Defendant's sentencing. Apprendi, Blakely, and Booker do not apply retroactively to collateral review. See Lloyd v. United States, 407 F.3d 608, 615-16 (2005); United States v. Swinton, 333 F.3d 481, 491 (3d

Under Apprendi, a sentence may be unconstitutional if it exceeds the maximum sentence permissible based on admitted facts. See Apprendi, 530 U.S. at 483. A judge has discretion in imposing a judgment within the range prescribed by statute. Id. at 481-82; see also United States v. Sanchez, 53 Fed. Appx. 208, 210-11 (3d Cir. 2002)("nothing in Apprendi restricts a judge's ability to exercise his or her discretion in imposing a sentence within the range prescribed by statute"); United States v. Williams, 235 F.3d 858, 863-64 (3d Cir. 2000). Based upon the facts admitted by Defendant, he was exposed to a statutory maximum of 40 years in prison and a Sentencing Guidelines maximum term of 125 months. Defendant's sentence was within both the statutory and guidelines maximum terms. Furthermore, it was below the otherwise applicable five year mandatory minimum prison term. Accordingly, his sentence is constitutional under Apprendi. Cf., United States v. Johnson, 302 F3d 139, 155, 155 n.14 (3d Cir. 2002) (Apprendi "irrelevant" where defendant was sentenced to prison term within maximum prescribed by law.). Therefore, Defendant is not entitled to relief on the Apprendi claim.

There is an even more compelling reason for finding that Defendant suffered no prejudice from the failure to raise the Apprendi claim. No Sixth Amendment violation occurs where the sentence is based upon facts admitted by the defendant. See United States v. Santana, 133 Fed. Appx. 828, 830 (3d Cir. 2005); United States v. Murdock 398 F.3d 491, 501-

---

Cir. 2003)

02 (6th Cir. 2005). Defendant admitted that he possessed a firearm in relation to a drug trafficking conspiracy and stipulated to the amount of drugs for which he was to be held accountable. This Court did not engage in any fact-finding to determine his offense level and guideline imprisonment range. Accordingly, no Apprendi claim was available to him.

### B. Ineffective Assistance of Counsel During Sentencing

To succeed on an ineffective assistance of counsel claim, Defendant must show both that his attorney's representation fell below an objective standard of reasonableness ("performance" prong), and but for his counsel's error, the result of the proceeding would have been different ("prejudice" prong). Strickland v. Washington, 466 U.S. 668 (1984). Defendant fails to establish ineffective assistance of counsel claims with respect to the representation provided during sentencing.

First, Defendant fails to establish an ineffective assistance of counsel claim based on his counsel failing to raise an Apprendi challenge to his sentencing. As stated above, Defendant did not have a valid Apprendi challenge to his sentencing. It was within this Court's discretion to imprison him for 40 years. As noted above, the sentence imposed in this case was well below the guideline range based upon facts Defendant admitted in his plea agreement. As such, Defendant is unable to show that the results of the proceeding would have been different under the "prejudice" prong in Strickland, 466 U.S. at 688. Moreover, a reasonable lawyer would not expect an Apprendi-based challenge to succeed based on this Circuit's case law at

6

the time of Defendant's sentencing (particularly when the sentence was below the range prescribed by the guidelines). See United States v. Sanchez, 53 Fed.Appx. 208, 210-11 (3d Cir. 2002). Thus, he fails to show deficient "performance."

Second, Defendant has failed to demonstrate that his lawyer's failure to object to the Presentence Investigation Report resulted in a prejudicial finding. Accordingly, this claim will be dismissed.

### C. Failure to File a Notice of Appeal

Defendant alleges that he directed his lawyer to file a notice of appeal and that his lawyer failed to do so. Failure to file a notice of appeal when requested to do so may constitute ineffective assistance of counsel, thereby allowing Defendant the opportunity *nunc pro tunc* to take a direct appeal. See Solis v. United States 252 F.3d 289, 295 (3d Cir. 2001). The record before the Court at this time does not permit resolution of the question of whether Defendant directed his lawyer to appeal his sentence.[8] Accordingly, the government will be required to respond to this particular claim only.

---

[8] It may be significant that the Defendant proceeded pro se in moving for reconsideration of the fact that his federal sentence was imposed to run consecutive to his eight year state sentence. (See Dkt. Entry 25.) This suggests that he did not ask his lawyer to appeal.

## III. <u>CONCLUSION</u>

With the exception of the failure to appeal claim, Defendant's motion for collateral review of his sentence is patently without merit. An appropriate Order follows.

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| **VS** | : 3:CR-02-280 |
| | : 3:CV-05-2052 |
| **NOE PEREZ-DIAZ** | : (CHIEF JUDGE VANASKIE) |

**O R D E R**

**NOW, THIS 25th DAY OF JANUARY, 2006,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendant's Apprendi and ineffective assistance of counsel claim asserted in Motion to Vacate under 28 U.S.C. § 2255 are **DISMISSED**.

2. The Clerk of Court is directed to serve the § 2255 Motion and this Order on the government.

3. The government shall respond to the failure to appeal claim within twenty (20) days from the date of this Order.

4. Defendant may file a reply to the government's response within fifteen days of service of the government's response.

                                                          **s/ Thomas I. Vanaskie**
                                                          Thomas I. Vanaskie, Chief Judge
                                                          Middle District of Pennsylvania