# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| VS. | : | **3:CR-02-280** |
| | : | **3:CV-05-2052** |
| | : | **(CHIEF JUDGE VANASKIE)** |
| **NOE PEREZ-DIAZ** | : | |
| | : | |

## O R D E R

### August 18, 2006

**THE BACKGROUND OF THE ORDER IS AS FOLLOWS:**

On February 27, 2003, Defendant Noe Perez-Diaz pled guilty pursuant to a written plea agreement to conspiracy to distribute and possess with intent to distribute in excess of 500 grams of cocaine, in violation of 21 U.S.C. § 846. On February 18, 2004, Mr. Perez-Diaz was sentenced to a prison term of 51 months.[1] (Dkt. Entry 24.) This Court also imposed a five (5) year period of supervised release and a special assessment of $100. Id. Mr. Perez-Diaz did not appeal his sentence.

On September 30, 2005, the Defendant moved to vacate his sentence under 28 U.S.C. § 2255. (Dkt. Entry 27.) Although the § 2255 motion was docketed on September

---

[1] Under the Sentencing Guidelines, Mr. Perez-Diaz's imprisonment range was 100 to 125 months. The Government moved for a downward departure, pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. 5K.1.1, as the Defendant had provided "substantial assistance." Though the Government recommended a prison term ranging from 63 to 78 months, this Court concluded that Defendant's assistance justified a greater downward departure, and therefore sentenced Mr. Perez-Diaz to 51 months in prison. (Dkt. Entry 24.)

30, 2005, the motion itself bore a signature date of January 20, 2005.  (See id. at 14.)

Thus, it was not certain when the Defendant mailed his motion to this Court.[2]

In his § 2255 motion, Mr. Perez-Diaz asserted three main arguments in challenging his sentence.  First, Mr. Perez-Diaz asserted his sentence was imposed in violation of his Sixth Amendment rights recognized in Apprendi v. New Jersey, 530 U.S. 466 (2000).  (Dkt. Entry 27, at 3-9.)  Second, Mr. Perez-Diaz argued that he was denied effective assistance of counsel during sentencing.  (Id. at 9-11.)  Finally, the Defendant claimed his counsel disregarded his directive to file a notice of appeal.  (Id. at 11-12.)  In the Memorandum and Order of January 26, 2006, this Court concluded that the first two arguments were without merit and dismissed them.  (Dkt. Entry 30.)  However, the third argument could not be summarily resolved, and this Court ordered the Government to respond to the Defendant's assertion that his counsel disregarded a directive to file a notice of appeal.  (Id.)

On February 3, 2006, the Government filed a motion to dismiss the Defendant's § 2255 motion.  (Dkt. Entry 32.)  In its motion, the Government argued that the Defendant's § 2255 motion was not filed within the one-year statute of limitations for filing § 2255 motions.  Specifically, the Government asserted the Defendant had backdated his affidavit of service

---

[2]For the purpose of determining whether the Government would be required to respond to Mr. Perez-Diaz's motion, this Court presumed that the § 2255 motion was filed on or about January 20, 2005.  (See Memorandum and Order of January 26, 2006, at 3-4 n.6, Dkt. Entry 30.)

to January 20, 2005, in an effort to circumvent the one-year limitations period.  (See id. at 2, ¶ 3.)  In support, the Government pointed out that the Defendant's § 2255 motion cited Ballard v. United States, 400 F.3d 404 (6th Cir. 2005), which was decided on March 10, 2005, approximately one-and-one-half months after January 20, 2005.  (Id.  See also Dkt. Entry 27, at 5.)  Accordingly, concluding that it was evident that Mr. Perez-Diaz's § 2255 motion was filed outside the one-year limitations period, the Government requested this Court dismiss the Defendant's § 2255 motion.  Significantly, Mr. Perez-Diaz has not replied to the Government's motion to dismiss.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, § 105, 110 Stat. 1214, 1220, imposed a one-year limitations period on filing § 2255 motions. As amended, § 2255 provides, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Since paragraphs (2) through (4) of the limitations provision are not implicated, the dispositive matter here concerns the "date upon which the judgment of conviction [became] final." Unless a federal defendant files a notice of appeal, the defendant's conviction becomes final upon the expiration of the ten-day period after the entry of judgment. See Fed. R. App. P. 4(b)(1)(A)(i). Cf. Kapral v. United States, 166 F.3d 565, 572-73 (3d Cir. 1999) (for the purposes of § 2255, if a defendant does not petition for a writ of certiorari, the conviction becomes final upon the expiration of the ninety-day period to petition for a writ of certiorari).

Here, the judgment of conviction and sentence was entered on February 18, 2004. (See Dkt. Entry 24.) Mr. Perez-Diaz's conviction became final on February 28, 2004, when he failed to file a notice of appeal. Under § 2255, Mr. Perez-Diaz was required to file his motion challenging his sentence on or before February 28, 2005. While the Defendant would have this Court believe that the motion was "placed in the postal box at the Clinton Correctional Facility Annex" on January 20, 2005 (see Dkt. Entry 27, at 14),[3] the motion was not received by this Court until September 30, 2005 (see id. at 1). As the Government

---

[3] In Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998), our Court of Appeals held that a federal prisoner's § 2255 motion "is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Hence, if Mr. Perez-Diaz had deposited his motion in the "postal box at the Clinton Correctional Facility Annex" on January 20, 2005, his § 2255 motion would be timely under the "prison mailbox rule."

points out, Mr. Perez-Diaz could not have deposited his motion in the "postal box at the Clinton Correctional Facility Annex" on January 20, 2005. Mr. Perez-Diaz's § 2255 motion cites <u>Ballard v. United States</u>, 400 F.3d 404 (6th Cir. 2005), a case decided on <u>March 10, 2005</u>, well <u>after</u> January 20, 2005.[4]  Mr. Perez-Diaz does not contest the Government's showing.

It is apparent that Mr. Perez-Diaz backdated his affidavit of service in an effort to deceive the Court into concluding his motion was timely filed.[5] Assuming that Mr. Perez-Diaz deposited his § 2255 motion in the "postal box at the Clinton Correctional Facility Annex" on March 10, 2005, the earliest possible date, his motion is plainly outside the one-year limitations period and, therefore, untimely.

**ACCORDINGLY IT IS HEREBY ORDERED THAT:**

---

[4]Mr. Perez-Diaz's declaration that his § 2255 motion was deposited in the mail on January 20, 2005, is further undermined by his citation to other cases decided <u>after</u> January 20, 2005. <u>See</u> Dkt. Entry 27, at 6 (citing <u>Humphress v. United States</u>, 398 F.3d 855 (6th Cir., <u>Feb. 25, 2005</u>); <u>Varela v. United States</u>, 400 F.3d 864 (11th Cir., <u>Feb. 17, 2005</u>); <u>McReynolds v. United States</u>, 397 F.3d 479 (7th Cir., <u>Feb. 2, 2005</u>); <u>United States v. Crosby</u>, 397 F.3d 103 (2d Cir., <u>Feb. 2, 2005</u>)).

[5]In its motion to dismiss, the Government butresses its position by suggesting that the typed date on the § 2255 motion's affidavit of service was altered because of inconsistent spacing before and after the word "January." (<u>See</u> Dkt. Entry 32, at 2-3 n.1.) This Court agrees that the spacing before and after the word "January," specifically the additional spacing between the words "of" and "January," and between the word "January" and the comma that immediately follows (<u>see</u> Dkt. Entry 27, at 14), warrants an inference that the date was altered. This inference is strengthened when the spacing is viewed in conjunction with the citation to <u>Ballard</u>.

1. The Government's motion to dismiss (Dkt. Entry 32) is **GRANTED.**

2. Defendant's Motion to vacate or correct his sentence (Dkt. Entry 27) is **DENIED.**

3. The Clerk of Court is directed to mark the related civil action (No. 3:CV-05-2052) **CLOSED.**

4. There is no basis for the issuance of a certificate of appealability. An appeal from this Order shall be deemed frivolous.

                                                **s/ Thomas I. Vanaskie**
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania